NOLAN J. WILLIAMS vs. BOARD OF SELECTMEN OF
WELLFLEET (and two companion cases[1]).

Barnstable. November 8, 1995. - December 5, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Municipal Corporations*, Officers and employees, Police. *Police*, Tenure.
*Public Employment*, Police. *Statute*, Construction.

A ballot question framed under the provisions of G. L. c. 41, § 131, upon
which a town's voters acted affirmatively, provided tenure for police of-
ficers of that town who shall have served continuously for five years as
of a date subsequent to the effective date of the ballot question, with
the result that the Civil Service Commission correctly concluded that
when a certain police officer had completed his fifth consecutive year of
service in December, 1991, he acquired tenure. [439-441]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on December 2, 1992, April 26, 1993, and February 4,
1994, respectively.

The cases were heard by *Richard F. Connon*, J., on state-
ments of agreed facts.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Stephen C. Pfaff & Edward E. Veara* for Nolan J.
Williams.

*Michael D. Ford* for Board of Selectmen of Wellfleet.

[1]All three appeals present a single issue. The companion cases are
(1) Board of Selectmen of Wellfleet vs. Civil Service Commission and
(2) Sherburne Valli vs. Board of Selectmen of Wellfleet, an action
brought by the Wellfleet Police Federation. The record appendix contains
neither the docket sheets nor the complaints in the three actions. No brief
has been filed on behalf of the Civil Service Commission or the Wellfleet
Police Federation. Both parties have proceeded on the basis that all three
cases are properly before us on a single contested issue. We make the same
assumption.

WILKINS, J. On May 6, 1974, pursuant to G. L. c. 41, § 131 (1994 ed.), the voters of Wellfleet acted affirmatively on the following question: "Shall the members of the Wellfleet Police Department who have served continuously for five years or more be granted tenure pursuant to [G. L. c. 41, §§ 126-132]?"

On May 6, 1974, the plaintiff, Nolan J. Williams, was not a member of the Wellfleet police department. The selectmen appointed Williams to be a full-time patrolman on December 4, 1986, and periodically reappointed him so that he completed his fifth consecutive year of service in December, 1991. In the summer of 1992, the selectmen voted "not to reappoint" Williams to the police department. Williams contends that he acquired tenure in 1991 as a consequence of the 1974 vote concerning tenure in the police department. The selectmen argue that the 1974 vote only had retroactive application. They grant that, at the time of the 1974 vote, no Wellfleet police officer had served for at least five years and hence agree that, on their theory, no police officer acquired or could acquire tenure as a result of the 1974 vote.

The form of the 1974 ballot question was prescribed by G. L. c. 41, § 131. Thus we should provide a Statewide answer to the consequences of affirmative votes on that question. We, therefore, disregard circumstances peculiar to Wellfleet. We do not rely on the fact that, following the 1974 vote, town officials appear to have assumed that police officers became tenured as they completed five years of consecutive service. We also do not consider the fact that, if the selectmen's interpretation of the effect of the 1974 vote is correct, that vote was a nullity, a useless exercise, because no police officer then serving was affected by the vote.

We conclude that the 1974 vote was prospective in that, whenever subsequent to the vote a Wellfleet police officer served consecutively for five years, he or she automatically acquired tenure. The Civil Service Commission arrived at this conclusion on the ground that a contrary interpretation "would have the effect of establishing two classes of police officers in the Town, those who had served for five years" at

the time of a vote, and "those who subsequently completed five years of service but were ineligible for tenure." The commission doubted that the Legislature intended that a town should be obliged periodically to "readopt" the ballot question. There is force to that practical argument. The answer, of course, must be found in the Legislature's intention.[2]

The ballot question prescribed by G. L. c. 41, § 131, is ambiguous as to whether its purpose is (a) to grant tenure only to certain current police officers or (b) to establish a personnel rule applicable to future as well as present members of the police department. In the context of the pattern of G. L. c. 41, §§ 126-132 (1994 ed.), concerning tenure for certain municipal officials, § 131 appears to contemplate that an affirmative vote has a prospective effect. Under G. L. c. 41, § 129 (1994 ed.), a named individual may be granted tenure by town vote,[3] if the selectmen approve and the person has served for at least five consecutive years (see G. L. c. 41, § 127 [1994 ed.]). Alternatively, a department head may apply "for tenure for members of his department who have served for five consecutive years or more" by filing an application with the town clerk. G. L. c. 41, § 131. If the selectmen approve, the following question is placed on the ballot: "Shall members of (name of department) who have served continuously for five years or more be granted tenure

---

[2]The Legislature could have been specific about the consequences of a vote on such a ballot question. In *City Manager of Medford* v. *Civil Serv. Comm'n,* 329 Mass. 323 (1952), the court was faced with the consequences of favorable action on a statutorily prescribed ballot question concerning the civil service status of a municipal office. There, the statute (as appearing in St. 1941, c. 414) expressly provided that an affirmative vote "shall apply to any municipal office the incumbent of which shall have served therein continuously for not less than five years immediately prior to the filing of the petition relative thereto." In the face of that specific language, the court concluded that the fact that some people holding the same municipal office would be under civil service and some would not be was "a matter of policy outside our province." *Id.* at 329. The Legislature has given no similar explicit direction as to the consequences of the vote in the case before us.

[3]"Shall (name of applicant), incumbent in the position . . . (title of office), be granted tenure pursuant to [G. L. c. 41, §§ 126-132]?"

pursuant to [G. L. c. 41, §§ 126-132]?" The general nature of the § 131 question, as opposed to the person-specific question provided in § 129 (quoted in note 3 above), suggests an intention to prescribe a tenure principle universally applicable to the subject department. We share the Civil Service Commission's reluctance to conclude that the Legislature intended to burden a municipality that wants to have a universal tenure rule by requiring it to return to the voters periodically with the same ballot question.

Finally, we find support for our view in the provision of § 131 that describes the consequences of an affirmative vote on the ballot question: "If a majority of the votes cast in response to the question is in favor of granting tenure, any member of such department who has served continuously for five years shall *thereupon* have tenure in said department" (emphasis added). By its place in the sentence (and not right after the introductory "if" clause), the word "thereupon" refers to the time at which five years passes and not to the time of the vote.

The judgment in each case is vacated. New judgments shall be entered consistent with this opinion declaring, as appropriate, that (1) Nolan J. Williams acquired tenure as a police officer in Wellfleet, (2) the May 6, 1974, vote provides for tenure for police officers who shall have served continuously for five years as of a date subsequent to May 6, 1974, and (3) the decision of the Civil Service Commission that it had jurisdiction over the proceeding before it, because Nolan J. Williams was a tenured police officer, is affirmed.

*So ordered.*